JUDGE SCHEINDLIN

07 CV 5903

LENNON, MURPHY & LENNON LLC
Attorneys for Plaintiff
**SEAPLUS MARITIME CO., LTD.**
Kevin J. Lennon (KL 5072)
Charles E. Murphy (CM 2125)
The GrayBar Building
420 Lexington Avenue, Suite 300
New York, NY 10170
(212) 490-6050 - phone
(212) 490-6070 - facsimile

JUN 2 1 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
SEAPLUS MARITIME CO., LTD.,                :        07 Civ. _____ (   )

    Plaintiff,                :        **ECF CASE**

 - against -                :

TOUTON FAR EAST PTE LTD.,                :

    Defendant.                :
------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff, SEAPLUS MARITIME CO., LTD. (hereinafter referred to as "SEAPLUS" or "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon LLC, as and for its Verified Complaint against the Defendant, TOUTON FAR EAST PTE LTD., (hereinafter referred to as "TOUTON" or Defendant) alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. Jurisdiction over this matter is also present pursuant to the Federal Arbitration Act, 9 United States Code § 1 *et seq.*, and also this Court's federal question jurisdiction, 28 United States Code § 1331.

2. At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and operating under the laws of Korea.

3. Upon information and belief, Defendant TOUTON was, and still is, a foreign corporation or other business entity organized under and existing by virtue of foreign law, with a principal place of business in Singapore.

4. By a charter party dated November 24, 2006 SEAPLUS, as disponent vessel owners, sub-chartered the M/V OPAL NAREE to TOUTON..

5. By a charter party dated December 1, 2006 SEAPLUS, as disponent vessel owners, sub-chartered the M/V the M/V JIN CANG toTOUTON..

6. By a charter party dated January 17, 2007 SEAPLUS, as disponent vessel owners, sub-chartered the M/V CLIPPER LANCASTER to TOUTON.

7. During the course of each of the aforesaid charters, disputes have arisen between the parties regarding Defendant's failure to remit freight due and owing under the charter parties.

8. As a result of Defendant's breaches of the charter party contracts, Plaintiff SEAPLUS has sustained damages in the total principal amount of $79,208.64, exclusive of interest, arbitration costs and attorneys fees.

9. Each of the aforesaid charter parties provide that disputes will be settled in London arbitration with English law to apply.

10. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in London arbitration proceedings. As best as can now be estimated, Plaintiff expects to recover the following amounts:

   I. **M/V OPAL NAREE  (c/p dated November 24, 2006)**

   | | | |
   |---|---|---|
   | A. | On the principal claim - unpaid freight: | $43,117.11; |
   | B. | 3 years of interest at 9% per annum compounded quarterly: | $13,195.99; and |
   | C. | Attorneys' fees and arbitration costs: | $25,000. |

   **Subtotal:**                                                   **$81,313.10**

II.     **M/V JIN CANG (c/p dated December 1, 2006)**

|   |   |   |
|---|---|---|
| A. | On the principal claim - unpaid freight: | $13,754.34; |
| B. | 3 years of interest at 8.5% per annum compounded quarterly: | $ 4,209.52; and |
| C. | Attorneys' fees and arbitration costs: | $25,000. |

**Subtotal:**                                   **$42,963.86**

II.     **M/V CLIPPER LANCASTER (c/p dated January 17, 2007)**

|   |   |   |
|---|---|---|
| A. | On the principal claim - unpaid freight: | $22,337.19; |
| B. | 3 years of interest at 8.5% per annum compounded quarterly: | $6,836.30; and |
| C. | Attorneys' fees and arbitration costs: | $25,000. |

**Subtotal:**                                   **$54,173.49**

**TOTAL CLAIM:**                                **$178,450.45**

11.     The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

12.     The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any assets of the Defendant held by any garnishee(s) within the District for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claim as described above.

13.    The Plaintiff also seeks an Order from this Court recognizing, confirming and enforcing any forthcoming London arbitration award(s) in Plaintiff's favor pursuant to 9 U.S.C. §§ 201 *et seq.*

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$178,450.45**

B.    That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$178,450.45** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including, but not limited to, such property as may be held, received or transferred in Defendant's name, or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishes to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.    That pursuant to 9 U.S.C. §§ 201 *et seq.* this Court recognize and confirm any London arbitration award(s) or judgment rendered on the claims had herein as a judgment of this Court;

4

D.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E.  That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

F.  That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated: Southport, CT
       June 21, 2007

                            The Plaintiff,
                            SEAPLUS MARITIME CO., LTD.

                            By: /s/ Charles E. Murphy
                            Charles E. Murphy (CM 2125)
                            Kevin J. Lennon (KL 5072)

                            LENNON, MURPHY & LENNON, LLC
                            The Gray Bar Building
                            420 Lexington Ave., Suite 300
                            New York, NY 10170
                            Phone (212) 490-6050
                            Fax (212) 490-6070
                            kjl@lenmur.com
                            cem@lenmur.com

5

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )   ss.:   Town of Southport
County of Fairfield   )

1. My name is Charles E. Murphy.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Lennon, Murphy & Lennon, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:     Southport, CT
           June 21, 2007

*[signature]*
Charles E. Murphy